CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

**2582CV00449 Catherine D. Wilson Personal Representative for the Estate of Christine A. Wilson vs. Bell Partners, Inc. et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 04/28/2025 |
| **ACTION CODE:** | BE1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Fraud, Business Torts , etc. | | |
| **CASE DISPOSITION DATE:** | 06/25/2025 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 06/25/2025 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil C |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 07/28/2025 | 06/25/2025 |
| Answer | 08/27/2025 | 06/25/2025 |
| Rule 12/19/20 Served By | 08/27/2025 | 06/25/2025 |
| Rule 12/19/20 Filed By | 09/26/2025 | 06/25/2025 |
| Rule 12/19/20 Heard By | 10/27/2025 | 06/25/2025 |
| Rule 15 Served By | 06/23/2026 | 06/25/2025 |
| Rule 15 Heard By | 07/23/2026 | 06/25/2025 |
| Rule 15 Filed By | 07/23/2026 | 06/25/2025 |
| Discovery | 04/19/2027 | 06/25/2025 |
| Rule 56 Served By | 05/19/2027 | 06/25/2025 |
| Rule 56 Filed By | 06/18/2027 | 06/25/2025 |
| Final Pre-Trial Conference | 10/18/2027 | 06/25/2025 |
| Judgment | 04/28/2028 | 06/25/2025 |

### PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Catherine D. Wilson Personal Representative for the Estate of Christine A. Wilson | **Attorney**<br>Kenneth D Quat<br>Quat Law Offices<br>Quat Law Offices<br>373 Winch St<br>Framingham, MA 01701<br>Work Phone (508) 872-1261<br>Added Date: 04/28/2025 | 408640 |
| | **Attorney**<br>John Richard Yasi<br>Yasi and Yasi<br>Yasi and Yasi<br>Two Salem Green<br>Salem, MA 01970<br>Work Phone (978) 741-0400<br>Added Date: 04/29/2025 | 556904 |

CSTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Docket Report**

| | |
|---|---|
| **Defendant**<br>Bel Stoughton, LLC<br>Two International Place<br>Boston, MA 02110<br><br>**Defendant**<br>Bell Partners, Inc.<br>300 North Greene St.<br>Greensboro, NC 27401 | **Attorney**                                      544752<br>A Neil Hartzell<br>Freeman Mathis and Gary, LLP<br>Freeman Mathis and Gary, LLP<br>One Boston Place<br>201 Washington Street Suite 2200<br>Boston, MA 02108<br>Work Phone (617) 963-5966<br>Added Date: 06/24/2025 |

**FINANCIAL DETAILS**

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 04/29/2025 | Civil Filing Fee (per Plaintiff) Receipt: 31517 Date: 04/29/2025 | 240.00 | 240.00 | 0.00 | 0.00 |
| 04/29/2025 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 31517 Date: 04/29/2025 | 20.00 | 20.00 | 0.00 | 0.00 |
| 04/29/2025 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 31517 Date: 04/29/2025 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
NORFOLK COUNTY
**Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 04/29/2025 | 1 | Complaint electronically filed.<br>eFiled 4/28/25 | |
| 04/29/2025 | 2 | Civil action cover sheet filed.<br><br>eFiled 4/28/25 | |
| 04/29/2025 | | Case assigned to:<br>DCM Track A - Average was added on 04/29/2025 | |
| 04/29/2025 | | Demand for jury trial entered. | |
| 04/29/2025 | | Class action filed under Mass. R. Civ. P. 23 | |
| 04/29/2025 | | Attorney appearance<br>On this date John Richard Yasi, Esq. added for Plaintiff Catherine D. Wilson | |
| 04/29/2025 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Kenneth D Quat, Esq. ken@quatlaw.com<br>Plaintiff, Attorney: John Richard Yasi, Esq. john.yasi@yasiandyasi.com | |
| 05/03/2025 | | One Trial case reviewed by Clerk, case to remain in the Superior Court.<br><br>Judge: Hickey, Mary K | Hickey |
| 05/14/2025 | 3 | Amended: original complaint filed by Catherine D. Wilson Personal Representative for the Estate of Christine A. Wilson<br>(E-Filed 05/07/2025) | |
| 06/24/2025 | 4 | Defendant Bell Partners, Inc.'s Notice of<br>Removal to United States District Court (E-Filed 06/20/2025) | |
| 06/24/2025 | 5 | Defendant Bell Partners, Inc.'s Notice of<br>Removal to United States District Court (E-Filed 06/24/2025) | |
| 06/25/2025 | | Docket Note: Attested Copies Sent to Attorney A Neil Hartzell | |
| 06/25/2025 | | Case transferred to another court. | |

I attest that this document is a
certified photocopy of an
original on file.

Deputy Assistant Clerk

6/25/25

| Printed: 06/25/2025  8:31 am | Case No: 2582CV00449 | Page: 3 |
|---|---|---|

ate Filed 4/28/2025 4:30 PM
uperior Court - Norfolk
ocket Number

Docketed 4/29/25

1

# COMMONWEALTH OF MASSACHUSETTS

**Norfolk, ss.**
                                          **Superior Court Department**
                                          **Civil No.** 2582CV00449

| | |
|---|---|
| **CATHERINE D. WILSON, individually and as** | ) |
| **Personal Representative of the Estate of** | ) |
| **Christine A. Wilson, on her behalf and on** | ) |
| **behalf of all others similarly situated,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BELL PARTNERS, INC. and** | ) |
| **BEL STOUGHTON, LLC,** | ) |
| | ) |
| **Defendants** | ) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff seeks damages and additional relief due to the unlawful transfer to her and other apartment residents of their landlord's responsibility to pay utility charges, in violation of G.L. c. 186, § 14.

## Parties

1.    Plaintiff Catherine D. Wilson is an individual who resides in Easton, Massachusetts. By decree of the Bristol County Probate Court dated May 22, 2024, Plaintiff was appointed Personal Representative of the Estate of Christine A. Wilson ("Christine"), Plaintiff's daughter.

2.    Defendant Bell Partners, Inc. ("Bell Partners") is a North Carolina corporation that conducts business in Massachusetts with a principal place of business at 300 North Greene Street, Greensboro, North Carolina 27401.

Date Filed 4/28/2025 4:30 PM
Superior Court - Norfolk
Docket Number

3.     Defendant Bel Stoughton, LLC ("Bel Stoughton") is a Delaware limited liability company that conducts business in Massachusetts with a principal place of business at Two International Place, Boston, Massachusetts 02110.

## Facts

4.     Plaintiff and Christine entered into a lease dated November 16, 2022 (the "Lease") to rent Apartment 5409 at the Bell Stoughton apartment complex (the "Property") from November 25, 2022 – January 24, 2024.

5.     Bel Stoughton was named in the Lease as the landlord of the Property.

6.     Christine moved into the apartment on or about November 25, 2022, and resided there through the date of her death.

7.     At relevant times Bell Partners managed the Property on behalf of Bel Stoughton.

8.     At relevant times the Town of Stoughton ("Stoughton") supplied water to the Property.

9.     The Lease provided for water supplied to Plaintiff's apartment to be measured by a submeter and for Plaintiff's submetered water consumption to be calculated and billed to her by a third party, Conservice, LLC ("Conservice").

10.    Conservice was engaged by Bell Partners to measure the submetered water usage of Plaintiff and other tenants of the Property, to calculate the water rate to charge Plaintiff and other tenants of the Property, and to issue monthly water bills to Plaintiff and other tenants of the Property.

11.    On behalf of Defendants, Conservice calculated tenant sub-metered water charges at the Property and issued monthly bills to Plaintiff and other tenants of the Property for such charges.

2

ate Filed 4/28/2025 4:30 PM
uperior Court - Norfolk
ocket Number

12.     Under G.L. c. 186, § 22 (g), the water rate which must be used to calculate tenants' water bills is determined by dividing the provider's charge for water supplied to the premises (plus any customer service charge and taxes) by the premise's water usage. Thus, any additional provider charges that Conservice included in calculating the tenants' water rate had the effect of increasing the water rate.

13.     Under G.L. c. 186, § 22 (g), the amount charged to tenants for water usage is determined by multiplying the tenant's water usage (as measured by the apartment submeter) by the water rate as calculated pursuant to said section.

14.     Each municipal water bill that Stoughton issued for each of the five buildings at the Property contained a charge described as "hyd/spr," which was a flat-rate charge due to the existence of fire suppression devices (i.e., hydrants and sprinkler systems) at the Property.

15.     Expenses related to fire safety devices at an apartment complex are the landlord's responsibility under Massachusetts law, and are non-delegable.

16.     For each tenant billing cycle Conservice included Stoughton's "hyd/spr" charges in calculating the water rate to charge Plaintiff, Christine, and other tenants of the Property. As a result, the tenant water rate was unlawfully inflated, hence the water charges billed to Plaintiff, Christine, and other tenants of the Property were also unlawfully inflated. In effect, Defendants passed through the costs of Stoughton's "hyd/spr" charges to Plaintiff, Christine, and other tenants of the Property by applying excessive rates to the calculation of their water bills.

17.     Plaintiff, Christine, and other tenants of the Property paid unlawful and excessive water bills that Conservice issued to them.

18.     The standard form leases entered into by Plaintiff, Christine, and other tenants of

3

Date Filed 4/28/2025 4:30 PM
Superior Court - Norfolk
Docket Number

the Property did not disclose that tenants would be responsible for paying Stoughton's "hyd/spr" or similar charges. To the contrary, a "Water/Sewer Usage Addendum" made part of the leases states that the only charges used to calculate the tenant water rate are the water provider's charges for water usage and any customer service fee and/or taxes.

19.     Defendants transferred to Plaintiff, Christine, and other tenants of the Property the responsibility for the payment of utility charges without their knowledge or consent, thereby violating G.L. c. 186, § 14.

## Class Action Allegations

20.     Plaintiff brings this action on behalf of herself and all other persons similarly situated (the "Class"). Pending further investigation and discovery, the Class is initially defined as all persons who: (i) leased an apartment at the Property at any time on or after the date which was four years prior to the filing of this action; (ii) were issued a submetered water bill calculated in part on the basis of a Stoughton water bill that contained a "hyd/spr" charge; and (iii) paid any portion of such bill. Excluded from the Class are all current and former officers, directors, and employees of Defendants.

21.     The Property contains approximately 240 apartments, some of which have turned over during the class period. Thus, the Class is sufficiently numerous such that joinder is impracticable

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The principal and overriding common question is whether the responsibility for payment of one or more Stoughton water utility charges was unlawfully transferred to Class members.

23.     Plaintiff's claims are typical of the claims of Class members. All claims arise from

Date Filed 4/28/2025 4:30 PM
Superior Court - Norfolk
Docket Number

the same operative facts and are based on the same legal theories.

24.    Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff

is committed to vigorously litigating this matter and has retained counsel experienced in

handling landlord-tenant, consumer protection, and class action litigation. Neither Plaintiff

nor counsel have any interests that might cause them not to vigorously and competently

prosecute this action.

25.    A class action is superior to other methods for the fair and efficient adjudication of

this controversy. A class action is necessary to vindicate the rights of persons who are

unaware they have claims against Defendants, and the prosecution of separate actions by

individuals would create a risk of inconsistent or varying adjudications.

26.    There are no unusual or extraordinary difficulties likely to be encountered by the

Court in managing this case as a class action.

**COUNT I**
**Violations of G.L. c. 186, § 14**

27.    The allegations of all preceding paragraphs are restated and incorporated herein as

if fully set forth.

28.    Count I is brought by Plaintiff individually and on behalf of the putative class.

29.    Defendant violated G.L. c. 186, § 14, by transferring to Plaintiff, Christine, and

Class members, without their knowledge or consent, the responsibility for payment of

utility charges that were Defendants' responsibility.

30.    As a result of said violation, Plaintiff, Christine, and Class members suffered

financial loss.

31.    Under G.L. c. 186, § 14, Defendant is liable to Plaintiff and Class members for

damages equal to three month's rent or actual damages whichever is greater.

ate Filed 4/28/2025 4:30 PM
uperior Court - Norfolk
ocket Number

WHEREFORE, Plaintiff demands judgment: (i) awarding damages to her and Class members equal to three months of their highest monthly rents during their tenancies; (ii) enjoining Defendants from continuing to engage in the unlawful conduct complained of; (iii) awarding interest, costs, and reasonable attorney's fees as prescribed by G.L. c. 186, § 14; and (iv) awarding such other relief as this Court deems fair and just.

**Plaintiff demands jury trial.**

CATHERINE D. WILSON, Plaintiff
By her attorneys:

/s/Kenneth D. Quat
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261

/s/ John R. Yasi
John R. Yasi
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01970
617-741-0400
john.yasi@yasiandyasi.com

I attest that this document is a
certified photocopy of an
original on file.

Deputy Assistant Clerk
6/25/25

6

Date Filed 4/28/2025 4:30 PM
Superior Court - Norfolk
Docket Number

Docketed 4/29/25

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2582CV00449 | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY Norfolk |

| Plaintiff Catherine D. Wilson | Defendant: Bell Partners, Inc. |
|---|---|
| ADDRESS: | ADDRESS: Bel Stoughton, LLC |
| | 300 N. Greene St. |
| | Greensboro NC |
| | 27401 |
| Plaintiff Attorney: Kenneth D. Quat, 373 Winch St., Framingham MA 01701 | Defendant Attorney: |
| ADDRESS: John R. Yasi, 2 Salem Green, Salem MA 01970 | ADDRESS: |
| BBO: 408640 (Quat)  556904 (Yasi) | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. BE1 | TYPE OF ACTION (specify) Consumer Fraud | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES  ☐ NO |
|---|---|---|---|

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO          Is there a class action under Mass. R. Civ. P. 23?  ☒ YES  ☐ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

Subtotal (1-5):  $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

Unlawful water billing by residential landlord; statutory damages claimed

TOTAL (A-F):  $1,000,000 +

*I attest that this document is a certified photocopy of an original on file.*
Deputy Assistant Clerk  6/25/25

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Unlawful water billing by residential landlord; statutory damages claimed

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X   /s/Kenneth D. Quat | Date:  4/28/25 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None known.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X   /s/ Kenneth D. Quat | Date:  4/28/25 |
|---|---|

Date Filed 5/7/2025 9:51 AM
Superior Court - Norfolk
Docket Number 2582CV00449

Docketed 05/14/2025                                                              3

# COMMONWEALTH OF MASSACHUSETTS

**Norfolk, ss.**                                               **Superior Court Department**
                                                              **Civil No. 2582CV00449**

| | |
|---|---|
| **CATHERINE D. WILSON, individually and as** | ) |
| **Personal Representative of the Estate of** | ) |
| **Christine A. Wilson, on her behalf and on** | ) |
| **behalf of all others similarly situated,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BELL PARTNERS, INC. and** | ) |
| **BEL STOUGHTON, LLC,** | ) |
| | ) |
| **Defendants** | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff seeks damages and additional relief due to the unlawful transfer to her and other residential tenants of their landlord's responsibility to pay utility charges, in violation of G.L. c. 186, § 14.

### Parties

1.     Plaintiff Catherine D. Wilson is an individual who resides in Easton, Massachusetts. By decree of the Bristol County Probate Court dated May 22, 2024, Plaintiff was appointed Personal Representative of the Estate of Christine A. Wilson ("Christine"), Plaintiff's daughter.

2.     Defendant Bell Partners, Inc. ("Bell Partners") is a North Carolina corporation that conducts business in Massachusetts with a principal place of business at 300 North Greene Street, Greensboro, North Carolina 27401.

Date Filed 5/7/2025 9:51 AM
Superior Court - Norfolk
Docket Number 2582CV00449

3.      Defendant Bel Stoughton, LLC ("Bel Stoughton") is a Delaware limited liability company that conducts business in Massachusetts with a principal place of business at Two International Place, Boston, Massachusetts 02110.

**Facts Pertaining to Plaintiff and the Putative Class**

4.      Plaintiff and Christine entered into a lease dated November 16, 2022 (the "Lease") to rent Apartment 5409 at the Bell Stoughton apartment complex (the "Property") from November 25, 2022 – January 24, 2024.

5.      Bel Stoughton was named in the Lease as the landlord.

6.      At all relevant times Bell Partners was the manager of the Property.

7.      Christine moved into the apartment on or about November 25, 2022, and resided there through the date of her death.

8.      At relevant times the Town of Stoughton ("Stoughton") supplied water to the Property.

9.      The Lease provided for water supplied to Plaintiff's apartment to be measured by a submeter and for Plaintiff's submetered water consumption to be calculated and billed to her by a third party, Conservice, LLC ("Conservice").

10.     Conservice was engaged by Bell Partners as its agent for measuring tenant submetered water use and calculating tenant charges for such use at the Property and other Massachusetts residential rental properties under Bell Partners' management.

11.     Under G.L. c. 186, § 22 (g), the water rate which must be used to calculate tenants' water bills is determined by dividing the water provider's charge for water supplied to the premises plus any customer service fee and taxes by the premise's water usage.

12.     G.L. c. 186, § 22(j) confirms that in calculating the tenants' water rate a landlord

"shall not charge or recover, or allow to be charged or recovered any additional . . . fee whatsoever, however denominated."

13.     Under G.L. c. 186, § 22 (g), the amount charged to tenants for water usage is determined by multiplying the tenant's water usage (as measured by the apartment submeter) by the water rate as calculated pursuant to said section.

14.     Stoughton bills issued for water supplied to the Property contained charges described as "hyd/spr," which were flat-rate charges due to the existence of fire safety devices (i.e., hydrants and sprinkler systems) at the Property.

15.     Municipal charges related to fire safety devices at an apartment complex are the landlord's responsibility under Massachusetts law, and cannot be transferred to tenants.

16.     Conservice included municipal fire safety charges in calculating the water rates charged to Plaintiff, Christine, and other tenants of the Property, as well as tenants of other Bell Partner – managed Massachusetts rental properties in municipalities where such charges were contained in municipal water bills issued to the properties. As a result, tenant water rates were unlawfully inflated, hence the periodic water charges billed to tenants were also unlawfully inflated. In effect, Conservice's flawed methodology resulted in a portion of municipal fire safety charges being passed through to Plaintiff, Christine, and other tenants.

17.     Plaintiff, Christine, and other tenants were harmed by paying unlawful and excessive water bills issued to them by Conservice.

18.     The standard form leases entered into by Plaintiff, Christine, and other tenants did not disclose that tenants would be responsible for paying municipal fire safety charges. To the contrary, a "Water/Sewer Usage Addendum" made part of the leases states that the only

ate Filed 5/7/2025 9:51 AM
uperior Court - Norfolk
ocket Number 2582CV00449

charges used to calculate the tenant water rate are the water provider's charges for water usage and any customer service fee and/or taxes.

19.    Defendants transferred to Plaintiff, Christine, and other tenants the responsibility for the payment of utility charges without their knowledge or consent, thereby violating G.L. c. 186, § 14.

## Facts Pertaining to Bell Partners

20.    Bell Partners established and implemented the practices, policies, and procedures governing the operations of the Property and other Massachusetts residential rental properties under its management.

21.    Conservice's unlawful  water billing practices at the Property and at other Bell – managed Massachusetts residential rental properties as set forth herein were approved and/or ratified by Bell Partners.

22.    At all relevant times Bell Partners has exercised possession and control of the Property and other Massachusetts residential rental properties under its management, hence has been the de facto landlord of said properties.

## Class Action Allegations

23.    Plaintiff brings this action on behalf of herself and all other persons similarly situated (the "Class"). Pending further investigation and discovery, the Class is initially defined as all persons who: (i) leased an apartment at a Bell – managed Massachusetts property at any time on or after the date which was four years prior to the filing of this action; (ii) were issued a submetered water bill by Conservice calculated on the basis of a water rate which factored in one or more fire safety charges billed by the water provider; and  (iii) paid any portion of such submetered water bill. A sub-class consists of Class members who have

been tenants of the Property, to whom Defendants are alleged to be jointly and severally liable. Excluded from the Class and sub-class are all current and former officers, directors, and employees of Defendants.

24.     The Property contains approximately 240 apartments and during the class period there have been hundreds (if not thousands) of additional apartments in other Bell – managed Massachusetts rental properties whose tenants have been subjected to the same unlawful billing practices as Plaintiff and Christine. Thus, the Class and sub-class are each sufficiently numerous such that joinder is impracticable

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The principal and overriding common question is whether the responsibility for payment of utility charges was unlawfully transferred to Plaintiff and Class members.

26.     Plaintiff's claims are typical of the claims of Class members. All claims arise from the same operative facts and are based on the same legal theories.

27.     Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling landlord-tenant, consumer protection, and class action litigation. Neither Plaintiff nor counsel have any interests that might cause them not to vigorously and competently prosecute this action.

28.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. A class action is necessary to vindicate the rights of persons who are unaware they have claims against Defendants, and the prosecution of separate actions by individuals would create a risk of inconsistent or varying adjudications.

29.     There are no unusual or extraordinary difficulties likely to be encountered by the

Court in managing this case as a class action.

## COUNT I
### Violations of G.L. c. 186, § 14

30.     The allegations of all preceding paragraphs are restated and incorporated herein as

if fully set forth.

31.     Count I is brought by Plaintiff individually and on behalf of the putative Class and

sub-class.

32.     Defendants violated G.L. c. 186, § 14, by transferring to Plaintiff, Christine, and

Class members, without their knowledge or consent, the responsibility for payment of

utility charges that were the landlord's responsibility.

33.     As a result of Defendants' unlawful conduct, Plaintiff, Christine, and Class

members suffered financial loss.

34.     Under G.L. c. 186, § 14, Defendants are liable to Plaintiff and Class members for

damages equal to three month's rent or actual damages whichever is greater.


WHEREFORE, Plaintiff demands judgment: (i) awarding damages to Plaintiff and

the Class against Bell Partners, Inc., equal to three months of their highest monthly rents

during their tenancies; (ii) holding Bel Stoughton, LLC jointly and severally liable to

Plaintiff and the sub-class for said damages; (iii) enjoining Defendants from continuing to

engage in the unlawful conduct complained of; (iv) awarding interest, costs, and reasonable

attorney's fees; and (v) awarding such other relief as this Court deems fair and just.


**Plaintiff demands jury trial.**

6

**CATHERINE D. WILSON, Plaintiff**
**By her attorneys:**

*/s/Kenneth D. Quat*
Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261

*/s/ John R. Yasi*
John R. Yasi
BBO #556904
Yasi & Yasi, P.C.
2 Salem Green
Salem MA 01970
617-741-0400
john.yasi@yasiandyasi.com

I attest that this document is a
certified photocopy of an
original on file.

Deputy Assistant Clerk

6/2 /25

ate Filed 6/20/2025 3:19 PM
uperior Court - Norfolk
ocket Number 2582CV00449

4

Docketed 06/24/2025

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.

Superior Court Department
Civil No. 2582CV00449

CATHERINE D. WILSON, individually and as       :
Personal Representative of the Estate of Christine   :
A. Wilson, on her behalf and on behalf of all others   :
similarly situated,                                   :
                                                      :
                    Plaintiff                         :
                                                      :
v.                                                    :
                                                      :
Bell Partners, Inc. and                               :
Bel Stoughton, LLC,                                   :
                                                      :
                    Defendants                        :

## NOTICE OF REMOVAL

Please take notice that on June 19, 2025 this action was removed to the United State

District Court, District of Massachusetts and has been assigned case No 1:25-CV-11789NMG.  A

certified copy of the Notice of Removal is attached.

Respectively Submitted
Bell Partners, Inc.

By Its attorneys

I attest that this document is a
certified photocopy of an
original on file.

Deputy Assistant Clerk
6/25/25

A. Neil Hartzell, BBO #544752
Freeman Mathis & Gary LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
T: 617-963-5966
neil.hartzell@fmglaw.com

Dated: June 20, 2025

ate Filed 6/20/2025 3:19 PM
uperior Court - Norfolk
ocket Number 2582CV00449

## CERTIFICATE OF SERVICE

I, A. Neil Hartzell, certify that on the 20th day of June 2025, I served a copy of the foregoing

by email to:

*Plaintiff's attorneys*

Kenneth D. Quat
Quat Law Offices
373 Winch Street
Framingham, MA 01701
Ken@quatlaw.com

John R. Yasi
Yasi & Yasi, P.C.
2 Salem Green
Salem, MA 01970
John.yasi@yasiandyasi.com

A. Neil Hartzell

ate Filed 6/20/2025 3:19 PM
uperior Court - Norfolk
ocket Number 2582CV00449Case 1:25-cv-11789-NMG    Document 1    Filed 06/19/25    Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE D. WILSON, individually and as, Personal Representative of the Estate of Christine A. Wilson, on her behalf and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. (Norfolk Superior Court C.A. No. 2582CV00449) |
| v. | ) ) ) | |
| BELL PARTNERS, INC. and BEL STOUGHTON, LLC, | ) ) ) | |
| Defendants. | ) ) | |



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts

By: _Marlene Martin_
Deputy Clerk

Date: _06/20/2025_

**DEFENDANT'S NOTICE OF REMOVAL**

The Defendant, Bell Partners, Inc. hereby removes the above captioned civil action from the Norfolk Superior Court to the United States District Court for the District of Massachusetts.

1. <u>Basis of Removal</u>. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

2. <u>Diversity of Citizenship</u>. The parties to this action are diverse. The Plaintiff in this action, Christine D. Wilson ("Wilson"), is an individual who resides in Easton, Massachusetts. The Defendant, Bell Partners, Inc. is a North Carolina Corporation and Defendant Bel Stoughton, LLC is a Delaware limited liability company.

3. <u>Nature of Case</u>. This case concerns Plaintiff (who is the Personal Representative of the Estate of Christine A. Wilson) (Complaint, ¶ 1) claims that C. Wilson entered into a lease with Defendant Bel Stoughton, LLC and that C. Wilson was overcharged for certain water rates.

4.    <u>Amount in Controversy</u>.  The amount in controversy in the Action as stated by Plaintiff exceeds the $75,000 jurisdictional threshold.  First, in the civil action lawsuit filed by Plaintiff in Norfolk Superior Court, damages are listed at $1,000,000.  See Civil Action Cover Sheet attached and the accompanying Affidavit of A. Neil Hartzell as Exhibit A.  Second, Plaintiff purports to bring this case on behalf of herself and all persons who leased an apartment at a Bell Partners managed property, and alleges that that there were 240 apartments and that during the class period there have been hundreds (if not thousands) of additional apartments in other Bell managed properties in Massachusetts who have been subjected to unlawful billing practices (Complaint, ¶ 24).

5.    <u>Timeliness of Removal</u>.  Defendant Bell Partners, Inc. received a copy of the complaint on June 5, 2025.  This Notice of Removal is filed within thirty (30) days of receipt of the complaint.  See 28 U.S.C. § 1446(b).

6.    <u>Pleadings and Filings to Date</u>.  The following pleadings and filings encompass all of the documents received by the Defendant in this matter to date:

- Service of Process Transmittal Summary, First Amended Class Action Complaint and Jury Demand, Class Action Complaint and Jury Demand, Summons and Tracking Order, copies attached hereto.

7.    <u>Concurrent Notice to Norfolk Superior Court</u>.  Defendant is concurrently filing a copy of this Notice of Removal with the Clerk of the Norfolk County Superior Court pursuant to 28 U.S.C. § 1446(d).

8.    Counsel for co-defendant Bel Stoughton, LLC, has consented to the removal of this case to the United States District Court for the District of Massachusetts.  See Hartzell Affidavit paragraph 2.

Respectfully submitted,

**BELL PARTNERS, INC.,**

By and through its attorneys:


*/s/ A. Neil Hartzell*
A. Neil Hartzell, BBO No. 544752
Neil.Hartzell@fmglaw.com
FREEMAN MATHIS & GARY, LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
Tel: (617) 963-5966


## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and to counsel for Plaintiff and paper copies will be sent to those indicated as non-registered participants on this day, June 19, 2025.


*/s/ A. Neil Hartzell*
A. Neil Hartzell

ate Filed 6/20/2025 3:19 PM
uperior Court - Norfolk
ocket Number 2582CV00449



**CT Corporation**
**Service of Process Notification**
06/05/2025
CT Log Number 549296154

### Service of Process Transmittal Summary

**TO:**  Barbara R Christy, Partner
Schell Bray Aycock Abel & Livingston P.L.L.C.
230 N Elm St Ste 1500
Greensboro, NC 27401-2499

**RE:**  **Process Served in Massachusetts**

**FOR:**  Bell Partners Inc.  (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CATHERINE D. WILSON, individually and as Personal Representative of the Estate of Christine A. Wilson, on her behalf and on behalf of all others similarly situated vs. BELL PARTNERS, INC. |
| **CASE #:** | 2582CV00449 |
| **PROCESS SERVED ON:** | C T Corporation System, Boston, MA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/05/2025 at 09:36 |
| **JURISDICTION SERVED:** | Massachusetts |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  JOHN TOMLINSON  jtomlinson@bellpartnersinc.com |
| | Email Notification,  Barbara R Christy  BCHRISTY@SBAAL.com |
| | Email Notification,  THOMAS HOCKMAN  thockman@schellbray.com |
| | Email Notification,  Jeff Lenser  jlenser@bellpartnersinc.com |
| | Email Notification,  KATHERINE BOULDIN  kbouldin@bellpartnersinc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 155 Federal Street |
| | Suite 700 |
| | Boston, MA 02110 |
| | 866-203-1500 |
| | DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Date Filed 6/20/2025 3:19 PM
Superior Court - Norfolk
Docket Number 2582CV00449



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Thu, Jun 5, 2025
**Server Name:**                             Drop Service

| Entity Served | BELL PARTNERS INC. |
|---------------|--------------------|
| Case Number | 2582CV00449 |
| Jurisdiction | MA |

| Inserts | | |
|---------|---|---|
|  |  |  |



Date Filed 6/24/2025 4:22 PM
Superior Court - Norfolk
Docket Number 2582CV00449

Docketed 06/24/2025

5

# COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.

Superior Court Department
Civil No. 2582CV00449

CATHERINE D. WILSON, individually and as    :
Personal Representative of the Estate of Christine    :
A. Wilson, on her behalf and on behalf of all others    :
similarly situated,    :
   :
           Plaintiff    :
   :
v.    :
   :
Bell Partners, Inc. and    :
Bel Stoughton, LLC,    :
   :
           Defendants    :

## NOTICE OF REMOVAL

Please take notice that on June 19, 2025 this action was removed to the United States

District Court, District of Massachusetts and has been assigned case No 1:25-CV-11789NMG. A

certified copy of the (corrected) Notice of Removal is attached.

Respectively Submitted
Bell Partners, Inc.

By Its attorneys

/s/ *A. Neil Hartzell*

A. Neil Hartzell, BBO #544752
Freeman Mathis & Gary LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
T: 617-963-5966
neil.hartzell@fmglaw.com

I attest that this document is a
certified photocopy of an
original on file.

Deputy Assistant Clerk

6/25/25

Dated: June 24, 2025

## CERTIFICATE OF SERVICE

I, A. Neil Hartzell, certify that on the 24th day of June 2025, I served a copy of the foregoing

by email to:

### *Plaintiff's attorneys*

Kenneth D. Quat
Quat Law Offices
373 Winch Street
Framingham, MA 01701
Ken@quatlaw.com

John R. Yasi
Yasi & Yasi, P.C.
2 Salem Green
Salem, MA 01970
John.yasi@yasiandyasi.com

/s/ A. Neil Hartzell
A. Neil Hartzell

Case 1:25-cv-11789-NMG    Document 1    Filed 06/19/25    Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: _Nicole Cowan_
Deputy Clerk

Date: _06/20/2025_

|  |  |
|---|---|
| CATHERINE D. WILSON, individually and as, Personal Representative of the Estate of Christine A. Wilson, on her behalf and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BELL PARTNERS, INC. and BEL STOUGHTON, LLC, | ) ) ) |
| Defendants. | ) ) |

Case No. 1:25-cv-11789-NMG
(Norfolk Superior Court
C.A. No. 2582CV00449)

**DEFENDANT'S NOTICE OF REMOVAL**

The Defendant, Bell Partners, Inc. hereby removes the above captioned civil action from the Norfolk Superior Court to the United States District Court for the District of Massachusetts.

1.   Basis of Removal.   This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

2.   Diversity of Citizenship.   The parties to this action are diverse. The Plaintiff in this action, Catherine D. Wilson ("Wilson"), is an individual who resides in Easton, Massachusetts. The Defendant, Bell Partners, Inc. is a North Carolina Corporation and Defendant Bel Stoughton, LLC is a Delaware limited liability company.

3.   Nature of Case.   This case concerns Plaintiff (who is the Personal Representative of the Estate of Christine A. Wilson) (Complaint, ¶ 1) claims that C. Wilson entered into a lease with Defendant Bel Stoughton, LLC and that C. Wilson was overcharged for certain water rates.

4.    <u>Amount in Controversy</u>.  The amount in controversy in the Action as stated by Plaintiff exceeds the $75,000 jurisdictional threshold.  First, in the civil action lawsuit filed by Plaintiff in Norfolk Superior Court, damages are listed at $1,000,000.  See Civil Action Cover Sheet attached and the accompanying Affidavit of A. Neil Hartzell as Exhibit A.  Second, Plaintiff purports to bring this case on behalf of herself and all persons who leased an apartment at a Bell Partners managed property, and alleges that that there were 240 apartments and that during the class period there have been hundreds (if not thousands) of additional apartments in other Bell managed properties in Massachusetts who have been subjected to unlawful billing practices (Complaint, ¶ 24).

5.    <u>Timeliness of Removal</u>.  Defendant Bell Partners, Inc. received a copy of the complaint on June 5, 2025.  This Notice of Removal is filed within thirty (30) days of receipt of the complaint.  See 28 U.S.C. § 1446(b).

6.    <u>Pleadings and Filings to Date</u>.  The following pleadings and filings encompass all of the documents received by the Defendant in this matter to date:

- Service of Process Transmittal Summary, First Amended Class Action Complaint and Jury Demand, Class Action Complaint and Jury Demand, Summons and Tracking Order, copies attached hereto.

7.    <u>Concurrent Notice to Norfolk Superior Court</u>.  Defendant is concurrently filing a copy of this Notice of Removal with the Clerk of the Norfolk County Superior Court pursuant to 28 U.S.C. § 1446(d).

8.    Counsel for co-defendant Bel Stoughton, LLC, has consented to the removal of this case to the United States District Court for the District of Massachusetts.  See Hartzell Affidavit paragraph 2.

2

Respectfully submitted,
**BELL PARTNERS, INC.,**

By and through its attorneys:


*/s/ A. Neil Hartzell*
A. Neil Hartzell, BBO No. 544752
Neil.Hartzell@fmglaw.com
FREEMAN MATHIS & GARY, LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, MA 02108
Tel: (617) 963-5966


## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and to counsel for Plaintiff and paper copies will be sent to those indicated as non-registered participants on this day, June 19, 2025.


*/s/ A. Neil Hartzell*
A. Neil Hartzell